IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-cv-00011-D

MICHAEL ZITO and CATHERINE ZITO, )
)
    Plaintiffs, )
) **CONSENT PROTECTIVE ORDER**
v. ) **(Clawback Agreement)**
) **(AS MODIFIED)**
NORTH CAROLINA COASTAL )
RESOURCES COMMISSION, )
)
    Defendant. )
_____ )

THIS MATTER COMES before the undersigned Judge at the request of all parties for entry of a consent protective order pursuant to Federal Rule of Civil Procedure 26(b) and Federal Rule of Evidence 502.

NOW WHEREFORE, IT IS HEREBY ORDERED with the consent of the parties that discovery sought in this case shall only be had upon the following terms and conditions:

**I.**    **Definitions.**

    a.    "Confidential" refers to a claim that documents or information conform to descriptions included in the North Carolina Public Records Act, N.C. Gen. Stat. § 132-1.2. It also includes a claim that documents or information are subject to Article 7 of N.C. Gen. Stat. Chapter 126. Documents or information may be Confidential whether they are produced by a party to this action

1

or by a third person pursuant to a subpoena or other Court order or process.

b. To "delete" refers to the process of destroying or erasing Identified Materials from any systems used to house the documents, including document review databases, hard drives, cloud storage, and any other location that stores documents. This concept also includes destroying any hard copies or paper printouts of Identified Materials.

c. "Inadvertent Disclosure" refers to the provisions in Rule 502 of the Federal Rules of Evidence under which a disclosure does not operate as a waiver of the attorney-client privilege or work-product protection.

d. "Identified Materials" refers to documents that the producing party has, following production, identified in writing to the receiving party as Confidential, Privileged, or otherwise Protected from Disclosure.

e. "Privileged" refers to a claim of privilege under the attorney-client privilege or other privilege allowed under Rules 501 and 502 of the Federal Rules of Evidence.

f. "Protected from Disclosure" refers to a claim that documents are trial preparation, work-product, or subject to a common interest or other similar doctrine.

g.  To "sequester" refers to the procedure by which Identified Materials and any notes made from the Identified Materials are set apart from other documents produced in this litigation pending resolution of a claim that the Identified Materials are Confidential, Privileged, or Protected from Disclosure.

II. **Inadvertent Disclosure, Non-Waiver, and Right to Clawback.**
The Inadvertent Disclosure of documents (including both paper documents and electronically stored information) that are Confidential, Privileged, and/or Protected from Disclosure shall not constitute a waiver or impairment of any claim of Confidentiality, Privilege, or Protection from Disclosure in this case or in any other federal or state proceeding, subject to the provisions set forth below:

a.  The producing party must notify the receiving party promptly, in writing, upon discovery that Confidential, Privileged, or other materials Protected from Disclosure (hereinafter referred to as the "Identified Materials") have been produced.

b.  Within ten (10) business days of receiving notice that Identified Materials have been produced, the receiving party may return the Identified Materials and all copies to the producing party, destroy and delete the Identified Materials and all copies, or sequester the Identified Materials and all copies as described below in paragraph II.d.

3

c.  After the receiving party has returned, destroyed, or deleted the Identified Materials, that party may later move the Court for an order compelling production of some or all of the Identified Materials. However, the basis for such a motion may not be the fact that the Identified Materials have already been inadvertently produced or the circumstances of the Inadvertent Disclosure.

d.  If the receiving party does not agree with the producing party's classification of the Identified Materials or that the disclosure was inadvertent, the receiving party may retain and sequester the Identified Materials. If the receiving party chooses to retain and sequester the Identified Materials, it shall—within ten (10) business days of receiving written notice of the Inadvertent Disclosure—move the Court for an order that the Identified Materials may be used in the litigation.

e.  If the receiving party has any notes or other work product reflecting the contents of Identified Materials that are sequestered, the receiving party shall not review or use those materials unless or until the Court determines that the Identified Materials are not Confidential, Privileged, or Protected from Disclosure.

f.  Nothing in this Order requires a receiving party to conduct a privilege review of documents produced that is in addition to or

separate from its ordinary review of discovery documents. Nor does this Order relieve a producing party of its duty to take reasonable steps to avoid Inadvertent Disclosure. Conducting reasonable electronic searches shall be considered a reasonable step to avoid Inadvertent Disclosure of electronically stored information. Review of all individual electronically stored records shall not be required.

g. While the Identified Materials and any related notes taken by the receiving party are sequestered, the receiving party may make no use of those materials in this or any other matter (including in depositions or at trial), other than in support of a motion challenging the producing party's claims relating to the characterization of the Identified Materials. Moreover, the receiving party shall not introduce or seek to introduce into evidence or otherwise use those materials unless the documents are later designated by a court as not Confidential, Privileged, or Protected, or unless the producing party consents in writing.

h. The underlying contents of Identified Materials may be used by the receiving party, such as at deposition, if the same information has been previously procured from a separate, non-confidential source.

i. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents before the notice was made, except individuals who must review the Identified Materials in order to petition the Court regarding the characterization of the Identified Materials as Confidential, Privileged, or Protected from Disclosure.

j. If a receiving party is in receipt of a document from a producing party, which the receiving party has reason to believe is Confidential, Privileged, or Protected from Disclosure, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to identify the document as Identified Materials pursuant to this Order.

k. Any Identified Materials submitted to the Court for consideration of a Motion to determine whether the documents are Privileged, Confidential, or Protected from Disclosure shall be filed under seal.

### III. Filing Sealed or Identified Materials in CM/ECF

a. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions, or other papers that disclose any such

information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with

this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

b. No documents may be sealed without an order from the Court pursuant to the requirements of Local Civil Rule 79.2(a).

c. Each time a party seeks to file something under seal, the party must accompany the request with a Motion to Seal pursuant to the procedure set forth in the Electronic Case Filing Administrative Policies and Procedures Manual, Section V.G.1.

WE CONSENT TO ENTRY OF THIS PROTECTIVE ORDER:

/s/ Erin Wilcox
Erin Wilcox
N.C. Bar No. 40078
J. David Breemer*
Cal Bar No. 215039
Pacific Legal Foundation
930 G Street
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
ewilcox@pacificlegal.org
jbreemer@pacificlegal.org

Glenn E. Roper*
Colo. Bar No. 38723
Pacific Legal Foundation
1745 Shea Center Dr., Ste. 400
Highlands Ranch, CO 80129
Telephone: (916) 419-7111
geroper@pacificlegal.org

*Special appearance*

*Attorneys for Plaintiffs Michael Zito and Catherine Zito*

JOSHUA H. STEIN
Attorney General

/s/ Mary L. Lucasse
Mary L. Lucasse
Special Deputy Attorney General
N.C. Bar No. 39153
mlucasse@ncdoj.gov

/s/ Marc D. Bernstein
Marc D. Bernstein
Special Deputy Attorney General
N.C. Bar No. 21642
mbernstein@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6600
Facsimile: (919) 716-6767

*Attorneys for Defendant North Carolina Coastal Resources Commission*

**********************
## COURT'S APPROVAL AND MODIFICATIONS

This Consent Protective Order is the subject of the parties' joint motion (D.E. 33) for entry thereof. The court previously directed the parties to file a revised proposed protective order in light of a number of deficiencies contained in their initial proposal (D.E. 33-1). *See* 18 Sept. 2019 Order (D.E. 43). The court hereby APPROVES and ADOPTS the foregoing terms of the revised Consent Protective Order proposed by the parties in the form at D.E. 47, subject to the following modifications:

1. A party may designate any documents or information as "Confidential" pursuant to paragraph I(a) of the Consent Protective Order only if such party believes in good faith that such discovery material qualifies for protection under Federal Rule of Civil Procedure 26(c).

2. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G of the ECF Administrative Policies and Procedures Manual cited therein, shall control the filing of sealed documents, notwithstanding any contrary terms in this Consent Protective Order, including any such terms in paragraph III.

SO ORDERED, this 15 day of October 2019.

James E. Gates
United States Magistrate Judge